PER CURIAM.
The trustee of a testamentary trust appeals from an order dismissing his complaint with prejudice. For the reasons that follow, we reverse in part and affirm in part.
The trustee filed a “Complaint for Construction of Trust” seeking guidance from the court as to how to reconcile the terms of the trust with the requirements of Chapters 737 and 738, Florida Statutes. After conducting an evidentiary hearing, the trial court entered a final judgment that first dismissed the complaint as failing “to establish the necessity for this court’s construction of the referenced 1971 Trust and Subtrust,” and then, in the next paragraph, instructed the Trustee how to proceed in accordance with Chapter 738.
We reverse the dismissal of the complaint, as it clearly states a cause of action under Chapters 737 and 738, Florida Statutes. Pursuant to section 737.201, “[t]he proceedings that may be maintained under this section are those concerning the administration and distribution of trusts,” and include pro *939 ceedings to “determine any question arising in the administration or distribution of any trust.” § 737.201(l)(c), Fla. Stat. (1997). In the following chapter, section 738.02(1) provides that “a trust shall be administered with due regard to the respective interests of income beneficiaries and remaindermen.” Id. Read together, the two sections establish a court’s authority to provide guidance to a trustee when questions arise as to the distribution of income between the beneficiary and the remaindermen. The trustee’s complaint thus clearly stated a cause of action, and the trial court erred in dismissing it.
We affirm the second portion of the trial court’s order, which in effect did exactly what the trustee requested in his complaint; the court determined the trustee’s duties as to the distribution of the trust as between the beneficiary and the remaindermen.
Reversed in part; affirmed in part; remanded for further proceedings consistent with this opinion.